THE STATE, EX REL. MICHAEL A. SANGARESE, RELATOR, v. ALBERT H. HOLLAND, JUDGE OF THE COURT OF COMMON PLEAS, AND E. BERTRAM MOTT, CLERK OF THE COUNTY OF MORRIS, RESPONDENTS.

Argued October 14, 1932—Decided March 27, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the relator, *Minturn & Weinberger*.

For the respondents, *Orville V. Meslar*.

PER CURIAM.

This is a motion of the respondents to dismiss an alternative writ of *mandamus* because of failure to prosecute the same. The situation is this:

Michael A. Sangarese, the relator, who was elected a justice of the peace in Morris county, undertook to qualify by the presentation of two bonds. He holds an alternative writ commanding the judge of the Court of Common Pleas of the

county of Morris to approve "one of the bonds" which relator filed for approval, or show cause to the contrary. The judge and the clerk made a return in which, among other things, it is set forth that not one but two bonds were presented by the relator at the same time for approval; that neither bond had any justification of the alleged sureties as to residence or freehold qualifications, and further that no bond was properly submitted to respondents by relator at any time before May 1st, 1931, in accordance with the statutory requirements.

No further pleading was filed by the relator. He did, however, give notice of trial of issues of fact at the Morris Circuit. Meanwhile, the time for pleading having expired, the respondents gave this notice to dismiss the writ.

The statute (*Comp. Stat., p.* 3214) requires that when the return is made, the person prosecuting the writ may demur or plead to the return or traverse any material fact contained therein, and the person making such return shall reply, take issue or demur. The statute has not been followed by the relator. We, however, decline to dismiss the writ at this time. He may have permission, following promptly the filing of this opinion, to act pursuant to the statute, and to pay respondents' costs on this motion, and in default thereof the writ will be dismissed.